ANNA KUSTOR v. METROPOLITAN LIFE INSURANCE COMPANY.

Decided June term, 1910.

Before Justices GARRISON, SWAYZE and VOORHEES.

For the respondent, *H. W. Kehoe.*

For the appellant, *McCarter & English.*

The opinion of the court was delivered by

SWAYZE, J. This is a suit upon a policy of life insurance. At the trial the only proof that the policy was issued by the company was the testimony of a man named Cross, who had been an agent working for the company, that the policy was issued by his company, but on cross-examination he admitted that he did not know the signatures to the policy; that he could not say, except from the fact that the paper was in the form of a policy issued by the defendant, that it was a policy. He went no farther than to say, "it looks like the usual form," but admitted that he did not know whether it was signed by the officers of the company. In response to the court he testified that that kind of policies came to him and that from his investigation of the policy and the looks of it it looked like a policy issued by the defendant. There was proof that a man named Salinski had received payment

of premiums and had countersigned receipts, but these receipts on their face stated that they were not binding upon the company until countersigned by the company's cashier at its home office or the superintendent of the district in which payment was made; and there was no proof that Salinski was either cashier or district superintendent. If this testimony could possibly be held to be any proof of the fact that the policy was issued by the defendant company, it was at most evidence to be submitted to the jury. The judge, however, treated it as conclusive evidence and did not submit this vital question, so that there is no finding of the fact in that respect. The policy as printed provides for the payment of the amount upon receipt at the home office of the company of due proof of the death of the assured. No proof of death was made, either at the home office of the company or elsewhere. The nearest approach to it was proof that the beneficiary after her husband's death gave the paper to a man named Cross, a superintendent of the insurance company in Perth Amboy. There was also proof that the attorney of the plaintiff had written to the company, although his letter was not in evidence, and in reply the company simply declined to pay the claim. The trial judge left to the jury to say whether this was a waiver. He told the jury that what was due proof depended very largely upon circumstances; that if it was brought to the knowledge of the company through proper channels that the insured is dead, it would be sufficient proof. Clearly the letter of the company simply declining to pay the claim was not a waiver. That the trial judge was wrong in his view as to what constituted due proof is apparent, we think, from the language of the policy, which requires receipt of due proof at the home office of the company. This can have no meaning except that some sort of written proof should be furnished. A mere statement of the beneficiary or her attorney could hardly be regarded as proof. What the policy probably contemplates is proof in form of affidavits.

For these manifest errors the judgment must be reversed in order that there may be a new trial in the District Court.